[Nos. 48056-5-II; 48106-5-II.   Division Two.   January 31, 2017.]

THE STATE OF WASHINGTON, *Respondent*, v. SANDRA DOREEN WELLER ET AL., *Appellants*.

*Oliver R. Davis* (of *Washington Appellate Project*); and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellants.

*Anthony F. Golik, Prosecuting Attorney*, and *Anne M. Cruser, Deputy*, for respondent.

¶1 WORSWICK, J. — Sandra and Jeffrey Weller[1] appeal their exceptional sentences following a resentencing hearing. In the published portion of this opinion, we hold that the sentencing court did not exceed its statutory authority by imposing no-contact orders of 45 and 30 years on Sandra and Jeffrey, respectively. In the unpublished portion of this opinion, we consider and reject the Wellers' arguments regarding the sentencing court's imposition of exceptional sentences, the denial of the Wellers' request for discovery material, and the denial of Sandra's request for new counsel at resentencing. We affirm.

## FACTS

¶2 Following a jury trial, Sandra and Jeffrey were convicted of several felony crimes involving abuse of their children. Sandra was convicted of four counts of second degree assault and one count of unlawful imprisonment. Jeffrey was convicted of five counts of second degree assault, one count of unlawful imprisonment, and one count of third degree assault of a child. All counts were domestic violence offenses. The jury found the Wellers' conduct manifested deliberate cruelty to the victims. The jury also found the offenses were part of an ongoing pattern of abuse. Based on the jury's finding of the two aggravators, Sandra and Jeffrey were sentenced to exceptional sentences of 20 years and 20 years plus 1 year, respectively.

¶3 The Wellers appealed their convictions and sentences. In *State v. Weller*, 185 Wn. App. 913, 931, 344 P.3d 695, *review denied*, 183 Wn.2d 1010 (2015) we affirmed their convictions but reversed the jury's finding of the ongoing pattern of abuse aggravating factor and remanded for resentencing.

¶4 At the resentencing hearing, the sentencing court imposed exceptional sentences on Sandra and Jeffrey of 20

---

[1] Because the co-appellants have the same last name, we refer to them by first name for clarity. We intend no disrespect.

years based on the jury's finding that the offenses manifested deliberate cruelty. Sandra's four counts of second degree assault and one count of unlawful imprisonment ran consecutively to each other. Jeffrey's sentence included two counts of second degree assault running consecutively to each other and to three additional counts of second degree assault, one count of unlawful imprisonment, and one count of third degree assault, which ran concurrently.

¶5 The sentencing court imposed no-contact orders between Sandra and the victims for 45 years, and between Jeffrey and the victims for 30 years. Sandra requested that the sentencing court impose a 10-year no-contact order. The sentencing court denied Sandra's request, explaining that the victims requested a no-contact order and did not desire any contact, but noted that in the future the victims could request a modification if they wanted to.

## ANALYSIS

¶6 The Wellers argue that the sentencing court exceeded its statutory authority by imposing no-contact orders in excess of the maximum penalty for their most serious offense. We disagree.

¶7 A sentencing court may impose crime-related prohibitions, including no-contact provisions, when sentencing an offender for a felony conviction. *State v. Armendariz*, 160 Wn.2d 106, 119, 156 P.3d 201 (2007); former RCW 9.94A.505(8) (2010). We review a sentencing court's imposition of crime-related prohibitions for abuse of discretion. *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). However, the key question here is whether the duration of the crime-related prohibition exceeded the sentencing court's statutory authority. Consequently, we review this issue de novo. *See State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013).

¶8 Generally, the crime-related prohibition may not be for a period of time longer than the statutory

maximum sentence for the crime. *Warren*, 165 Wn.2d at 32. However, when imposing an exceptional sentence the court has discretion to sentence defendants to the statutory maximum of each individual crime and run multiple convictions consecutively.[2] *See State v. Cubias*, 155 Wn.2d 549, 556, 120 P.3d 929 (2005); RCW 9.94A.589(1)(a). In such a situation, the total maximum allowable sentence exceeds the statutory maximum for each individual conviction.

¶9 The Wellers contend that the duration of the no-contact orders exceeded the sentencing court's authority. However, the jury's finding of an aggravating factor triggered the sentencing court's statutory authority to impose exceptional sentences on the Wellers. *See* RCW 9.94A.535, .589. The sentencing court issued exceptional sentences by imposing standard range sentences for each individual conviction and running them consecutively. So, while a single conviction of second degree assault (the Wellers' most serious crime) has a statutory maximum sentence of 10 years, the statutory maximum for the exceptional sentences at issue here is equal to the sum total of the statutory maximums for the consecutively run convictions.

¶10 Because Sandra was convicted of four counts of second degree assault (10-year maximum/count) and one count of unlawful imprisonment (5-year maximum), and the sentencing court ran all five sentences consecutively, the maximum allowable exceptional sentence was 45 years. Jeffrey's sentence included two counts of second degree assault running consecutively to each other and to three other counts of second degree assault, one count of unlawful imprisonment, and one count of third degree assault, which ran concurrently, for a total maximum allowable exceptional sentence of 30 years. Thus, the sentencing court did not exceed its statutory authority by imposing the no-contact orders against Sandra for 45 years and against Jeffrey for 30 years.

---

[2] We recognize that this discretion is not unlimited. For instance, an exceptional sentence may be reversed because it is clearly excessive.

■ ¶11  In each of their statements of additional grounds, Sandra and Jeffrey also argue that the lengthy no-contact orders violate their constitutional right to parent. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 377, 229 P.3d 686 (2010). "A defendant's fundamental rights limit the sentencing court's ability to impose sentencing conditions." *Rainey*, 168 Wn.2d at 377. The Wellers' argument is meritless because their parental rights to the parties protected by the no-contact order have been terminated. *See In re Interest of E.J.W.*, No. 47545-6-II, slip op. at 3 n.1 (Wash. Ct. App. July 26, 2016) (unpublished), http://www.courts.wa.gov/opinions. Consequently, their fundamental right to parent is not implicated.

¶12  We affirm.

¶13  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J., and SUTTON, J., concur.

Reconsideration denied March 2, 2017.

Review denied at 188 Wn.2d 1017 (2017).